*Hoffman v. South Burlington School District*, No. 1069-11-15 Cncv (Toor, J., Dec. 10, 2015).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| JAY HOFFMAN,<br> Plaintiff<br><br> v.<br><br>SOUTH BURLINGTON SCHOOL<br> DISTRICT,<br> Defendant | Docket No. 1069-11-15 Cncv |

RULING ON MOTION FOR PRELIMINARY INJUNCTION and MOTION TO INTERVENE

This case is brought by a teacher seeking to bar public disclosure of certain records by the defendant school district for which he works. He asserts that the District has received public records requests and should be barred from releasing the records because (a) there is an arbitration award requiring their removal from his personnel file, and (2) they are exempt from disclosure under the Public Records Act. Television station WCAX has also filed a motion to intervene in the case. Alison Bell and Lisa Shelkrot, Esqs., represent Hoffman. Pietro Lynn, Esq. represents the District. Craig Nolan, Esq. represents WCAX.

Procedural History

The complaint in this case was filed on November 12. At the same time, Plaintiff filed a motion for a temporary restraining order and preliminary injunction to stop disclosure of the records while the case was litigated. The court held a phone conference with counsel for both parties on November 16, and issued an order (1) requiring submission of the disputed records to the court for review, and (2) directing the District not to release the documents publicly until

further order of the court. The court also granted a motion to seal certain documents filed by Plaintiff.

On November 17, WCAX filed its motion to intervene. Plaintiff has filed no response to that motion. On November 30, Plaintiff submitted to the court copies of the documents in dispute for *in camera* review. The court has now reviewed those documents. The District has not filed any responses to the various motions, and its counsel has advised the court that it does not intend to do so.

Discussion

A party seeking a preliminary injunction "must establish irreparable harm and either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in its favor." Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002). There must be "a showing of irreparable damage during the pendency of the action." State v. Glens Falls Ins. Co., 134 Vt. 443, 450 (1976). Irreparable harm "is 'perhaps the single most important prerequisite for the issuance of a preliminary injunction,' and the moving party must show that injury is likely before the other requirements for an injunction will be considered." Kamerling, 295 F. 3d at 214 (citations omitted).

The issue here is whether certain records should or should not be publicly disclosed, with Hoffman arguing that he has the right to keep the information in the records private. Thus, were they disclosed now before the court made a final determination as to whether they are legally protected from disclosure, the cat would be out of the bag and the records would no longer be private. Thus, consideration of preliminary relief is appropriate. The question is whether Hoffman can show a likelihood of success or a balance of hardships tipping in his favor.

2

The records at issue relate generally to two complaints from former students alleging misconduct by Hoffman. Hoffman argues that the records should not be publicly disclosed for two reasons. One relates to an arbitration award and one relates to an exemption in the Public Records Act. The court will address each in turn.

The Arbitration Award

One of the complaints ultimately led to an arbitration proceeding between Hoffman and the District. The arbitration award (the "Award") states that the school board was to "expunge from [Hoffman's] personnel file any reference to this matter." Arbitration Award at 11. The Award appears to have treated the School Board and the South Burlington School District as one, so the court concludes that the reference to the "Board" included the District.

The District has not responded to the motions filed by Hoffman, so the court cannot definitively determine whether the records at issue here came specifically from Hoffman's personnel file or from other locations within the District's files. However, on their face some of the documents—such as emails among District and Board employees, and between such employees and the media—seem unlikely to have come from a personnel file. Thus, for purposes of its analysis today the court will assume at least some of the records were maintained in locations other than Hoffman's personnel file.

Hoffman argues that the intent of the arbitration order was to protect him from "harm[] as a result of accusations that had been deemed unfounded." Supp. Mem. at 2. He thus argues that a claim that the records are not protected by the award because they were maintained in other files would be "wholly disingenuous and would contravene the spirit, if not the letter, of the Award." Id. However, Hoffman cites nothing in the Award to support the claim that it was intended to protect him from all public scrutiny of the allegations that had been made against him. The purpose

3

of the arbitration was to determine whether the Board's employment action against him was supported by "just cause." Having decided it was not, and having vacated the employment action, it was reasonable for the arbitrator to focus on the impact of the allegations and the employment action on Hoffman's employment.[1] Presumably, having a formal record of the employment action in his personnel file might be weighed against him in some future employment action by the District, or might be the basis for a negative reference for another job. The arbitrator's order can thus be seen as a way to ameliorate any such impacts upon Hoffman's future employment status.

What is lacking from the Award, however, is any language suggesting that the arbitrator had either the power or the intent to go beyond Hoffman's personnel file. The arbitrator's role was limited to deciding the dispute before him: one relating to Hoffman's employment status. The court does not see how that would have empowered him to, for example, require the destruction of any letters of complaint the District had received about Hoffman. Any such documents existed before the employment action that was being vacated. They were not the result of the employment action. There appears to be no basis on which to require their destruction in all locations outside of Hoffman's personnel file. The same is true of, for example, emails with the media and internal emails about Hoffman's leave. In sum, the court is not persuaded by the argument that the Award bars disclosure of records that were maintained somewhere other than in the personnel file.

Moreover, a contract or settlement agreement cannot override the Public Records Act. Trombley v. Bellows Falls Union High Sch. Dist. No. 27, 160 Vt. 101, 107 (1993)(School board contract making grievances confidential "cannot override the provisions of the Public Records

---

[1] As an aside, it is not clear to the court whether an arbitrator actually has the legal power to issue an order to delete materials from a personnel file, as opposed to sealing them. It is somewhat disturbing to learn that such matters might disappear forever from the record, rather than being maintained both as a record that the allegation was made and to demonstrate that Hoffman was successful in defending himself against the claim. However, neither Hoffman nor the District apparently raised any objection to the order.

Act"). The court sees no reason why the arbitrator's award in this case could do so. Thus, regardless of the terms of the arbitrator's award, even if some of the records submitted to the court are ones that came from Hoffman's personnel file, whether they should be released depends upon the statute, not the Award. Whether they can be withheld therefore depends solely upon the analysis below.

Public Records Act

Hoffman's second argument is that a subset of the records (Exhibit B to the Supplemental Memorandum) is exempt from disclosure because of an exemption in the Public Records Act for "personal records." 1 V.S.A. § 317(c)(7).[2] Records "are evaluated under this exemption based on their *content,* and not simply whether they have been included in a particular type of file." Rutland Herald v. Vermont State Police, 2012 VT 24, ¶ 22, 191 Vt. 357. Thus, for these documents the question is not whether they were in the personnel file covered by the Award, but what is in the documents.

The exemption states that the following records are exempt from public inspection and copying:

> (7) personal documents relating to an individual, including information in any files maintained to hire, evaluate, promote or discipline any employee of a public agency, information in any files relating to personal finances, medical or psychological facts concerning any individual or corporation[.]

1 V.S.A. § 317(c)(7). The statute does not define "personal documents," but the Supreme Court has had occasion to address the question. It has said the following:

> The term "personal documents" is vague. In its broadest sense, it includes any document about specific people, including most

---

[2] It appears undisputed that the Public Records Act applies to the District. Id. at § 317(a); Trombley v. Bellows Falls Union H.S., 160 Vt. 101, 107 (1993)(Holding that the school district in that case was "a public agency subject to the disclosure requirements of the Public Records Act.").

opinions of this Court. Because such a use of the term would consume the disclosure rule, most statutes, following the federal model, limit the exemption to instances where disclosure would constitute an invasion of personal privacy. Under these statutes, the courts often require a balancing of the public interest in disclosure against the harm to the individual.

Trombley v. Bellows Falls Sch. Dist., 160 Vt. 101,109 (1993)(citations omitted). Noting that our statute does not have such specific language, the Court nonetheless concluded that the Legislature intended such a balancing. Thus, the Court held:

> [W]e must construe the term "personal documents" in a limited sense to apply only when the privacy of the individual is involved. Thus, it covers personal documents only if they reveal "intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends." Consistent with legislative intent, we must also examine the public interest in disclosure.

Id. at 110 (citations omitted). Thus, even if a record is deemed "personal," the court must "balance the public interest in disclosure against the harm to the individual." Rutland Herald v. City of Rutland, 2012 VT 26, ¶ 11, 191 Vt. 387 ("Rutland I"). In doing so, it "must consider not only the relevance, if any, of the records to the public interest for which they are sought, but any other factors that may affect the balance, including: the significance of the public interest asserted; the nature, gravity, and potential consequences of the invasion of privacy occasioned by the disclosure; and the availability of alternative sources for the requested information." Kade v. Smith, 2006 VT 44, ¶ 14, 180 Vt. 554, quoted in Rutland Herald v. City of Rutland, 2013 VT 98, ¶ 6, 195 Vt. 85 ("Rutland II").

Thus, in Rutland II, the Court found that city records concerning the investigation and discipline of police officers who had viewed pornography at work were public records, although such materials would obviously subject the officers to public embarrassment. The Court noted that

"there is a significant public interest in knowing how the police department supervises its employees and responds to allegations of misconduct." Id. at ¶ 14. The Court went on:

> [T]he internal investigation records and related material will allow the public to gauge the police department's responsiveness to specific instances of misconduct; assess "whether the agency is accountable to itself internally, whether it challenges its own assumptions regularly in a way designed to expose systemic infirmity in management oversight and control; the absence of which may result in patterns of inappropriate workplace conduct."

Id. at ¶ 15 (citation omitted). Balancing the public's interest with the privacy interests of the police officers, the court noted that the officers could not expect much privacy when they viewed and sent pornography on work computers. Thus, the Court found that the public interest outweighed any privacy interests.

Here, there is as great a public interest in the materials at issue, if not greater. This matter involves allegations that a teacher acted highly inappropriately with a student or students. How the District responded to allegations of such misconduct is certainly a matter of significant interest to the parents of children in the District's schools. The fact that a television station seeks to intervene reinforces the fact that there is public interest in the matter.

This case is different from the Rutland cases because they involved matters that resulted in discipline against the officers, whereas here the arbitrator reversed the disciplinary action by the District. Nonetheless, the public interest remains the same. How public schools respond to allegations from students about misconduct by teachers is itself important to the community, regardless of the final result of the investigation. Moreover, the records here include a subsequent allegation that was not part of the arbitration proceeding, and is apparently the subject of a current disciplinary action against Hoffman.

Hoffman argues that some of the Vermont cases weighing the public interest more heavily than the privacy interests of employees involved patterns of systemic problems, and that this one does not. Supplemental Mem. at 4-5. However, the court finds nothing in those cases suggesting that systemic problems were significant to the Supreme Court's analysis. The issue is not whether there is a history of problems, but the public's right to know how governmental entities administer their obligations to the public whom they serve. The court finds nothing to distinguish those cases from this one.

A public employee does not lose all of his or her privacy rights merely by accepting public employment. Marken v. Santa Monica-Malibu Unified Sch. Dist., 136 Cal. Rptr. 3d 395, 412-13 (2012). Nonetheless, the "strong public policy supporting transparency in government" means that the privacy interest is less than that of a private sector employee. Id. at 413. In balancing the privacy interests and the public interest in such cases, some courts have weighed how strong the allegations of misconduct appeared to be. Id. at 414-17; Bellevue John Does 1-11 v. Bellevue Sch. Dist. #405, 189 P. 3d 139, 146-47 (2008). However, Vermont law does not support such a distinction, and this court does not find any legal basis for making such value judgments as to the strength of the allegations in the context of a public record request.

The court concludes that the public interest in knowing how allegations of teacher misconduct involving students are handled by the public schools outweighs Hoffman's interest in keeping these records private. Therefore, the court does not find that Hoffman has a likelihood of success on the merits, or a balance of hardships tipping in his favor. A preliminary injunction is therefore not justified.

<u>The Motion to Intervene</u>

Television station WCAX seeks to intervene in this case to assure its "interest in obtaining the requested public records." Motion at 3. Under our civil rules, a non-party may intervene when its interests may be impaired or impeded without its ability to be heard in the matter. V.R.C.P. 24. While the court agrees that intervention would otherwise be appropriate, the court's ruling above requiring disclosure of the records appears to make intervention unnecessary. The court deems the motion moot. If WCAX believes there are further issues not resolved by this ruling, it may request reconsideration.

<u>Order</u>

The court denies the motion for a preliminary injunction. The District may release all of the records that were submitted for in camera review. The motions for a temporary restraining order and to intervene are now moot.

Because the motion for an injunction sought the same relief that the complaint seeks as a final remedy, unless either party objects within ten days the court will treat this ruling as one on the merits of the entire case pursuant to V.R.C.P. 65 (b)(2) and will enter final judgment.

Dated at Burlington this 10th day of December, 2015.

_____
Helen M. Toor
Superior Court Judge

9